IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>BARBARA MANN,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>v.</td><td></td><td>CIVIL NO.: WDQ-14-2971</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>FREDERICKTOWN ASSOCIATES</td><td></td><td></td></tr>
<tr><td>LIMITED PARTNERSHIP, et al.,</td><td>*</td><td></td></tr>
<tr><td></td><td></td><td></td></tr>
<tr><td>Defendants.</td><td>*</td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Barbara Mann sued Fredericktown Associates Limited

Partnership ("FALP") and Craig Henry (together, the

"Defendants") for violations of the Fair Labor Standards Act[1]

("FLSA") and state law claims.  ECF No. 5 (amended complaint).[2]

The Defendants answered the amended complaint and counterclaimed

for negligence and breach of contract.  ECF No. 8.  Pending are

the Plaintiff's motion to dismiss the counterclaims and to

strike, ECF No. 11, and the Defendants' motions for leave to

amend the counterclaims and to file a surreply, ECF Nos. 16, 18.

---

[1] 29 U.S.C. §§ 201, et seq. (2012).

[2] Counts one and two allege violations of 29 U.S.C. §§ 206,
207(a)(1); counts three and four allege violations of the
Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-
413, 3-415 (West 2010); count five alleges a violation of the
Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. &
Empl. § 3-505 (West 2010); and count six alleges common law
wrongful discharge.  ECF No. 5 at 6-16.

No hearing is necessary. Local Rule 105.6 (D. Md. 2014).  For
the following reasons, the Plaintiff's motion to dismiss the
counterclaims and to strike will be denied as moot, the
Defendants' motion for leave to amend will be granted, and the
Defendants' motion for leave to file a surreply will be denied.

I.   Background[3]

FALP is a Maryland limited partnership that owns and
operates apartments in Frederick, Maryland.  ECF No. 16-3 ¶ 1.
Henry is a FALP partner who "maintains a residence in Maryland"
but whose "primary residency [is] in Florida."  *Id.* ¶ 2.  The
Plaintiff is a 75-year old Maryland citizen who has "several
serious disabilities" and twice had "major back surgery while
working for [the Defendants]."  *Id.* ¶ 3.

On March 3, 2008, Barbara and Gary Mann (the "Manns")
signed a lease with FALP providing for a $950 monthly rent.  *Id.*
¶ 7.[4]  "On July 11, 2008, the Manns signed an agreement to

---

[3] The facts are from the Defendants' proposed amended
counterclaim.  ECF Nos. 16-3.  For the motion to dismiss for
failure to state a claim, the well-pled allegations in the
counterclaim are accepted as true.  *See Brockington v. Boykins*,
637 F.3d 503, 505 (4th Cir. 2011).  Additional facts relevant to
this Court's subject matter jurisdiction over the counterclaims-
-which turns on whether the counterclaim arises from the "same
transaction or occurrence" as the claims in the amended
complaint--are from the Plaintiff's amended complaint.  ECF No.
5; Fed. R. Civ. P. 13.

[4] The Defendants' proposed amended counterclaim states that
several exhibits--including the lease agreement--are attached.
*See, e.g.*, ECF No. 16-3 ¶ 7.  Although the Defendants attached

provide resident management services in satisfaction of their monthly rental obligation." *Id.* ¶ 8.  From July to August 2008, other tenants complained about loud arguments in the Manns' apartment. *Id.* ¶ 9.  In August 2008, "Mr. Mann vacated the apartment." *Id.* ¶ 10.

On September 4, 2008, the Defendants terminated the July 11, 2008 agreement. *Id.* ¶ 11.  On September 26, 2008, the Plaintiff filed for divorce from Mr. Mann. *Id.* ¶ 12.  The Defendants then permitted the Plaintiff "to satisfy her monthly rent obligation by assisting staff with answering phone calls on a limited, part time basis." *Id.* ¶ 13.

Some time after the Manns' separation or divorce but before July 2010, the Plaintiff asked the Defendants whether Mr. Mann could "move back in with her on a trial basis"; they "[r]eluctantly" consented. *Id.* ¶¶ 14-15.  In July 2010, the parties executed "a 'Lease Addendum' allowing [the Plaintiff] to provide limited, contracted-for rental services in satisfaction of her monthly rental obligation." *Id.* ¶ 16.  After Mr. Mann moved back in, the Defendants received complaints from other

---

exhibits to the original counterclaim, *see* ECF Nos 8-1 to 8-5, no exhibits were attached to the proposed amended counterclaim, *see generally* ECF No. 16.  Accordingly, the Court will not rely on facts from the exhibits. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.").

tenants about loud arguments and disturbances in the Plaintiff's apartment. *Id.* ¶ 17.  Thus, on November 1, 2010, the Defendants "terminated the Lease Addendum." *Id.* ¶ 18.  "Nevertheless, [the Defendants] felt sorry for [the Plaintiff's] difficult situation and agreed to allow her [to] continue to perform limited, contracted-for, ad-hoc assistance to FALP's staff in satisfaction of her $950/month rental obligation." *Id.* ¶ 19.[5]

In March 2013, the Plaintiff told a potential tenant "that FALP did not rent apartments to persons with service dogs and/or that FALP would not provide a reasonable accommodation/exception to its no-pet policy." *Id.* ¶ 25.  In April 2013, the Equal Rights Center sued FALP; the suit allegedly resulted in more than $80,000 in costs and damages to the Defendants, and physical and emotional distress to Henry. *Id.* ¶ 26.

The parties dispute the nature of their relationship.  The Plaintiff alleges that "[a]t all material times," Henry had been her employer, she "regularly worked more than forty hours in a week," and the Defendants hired her in June 2008 and fired her

---

[5] Since 2008, the Plaintiff had represented to the Defendants that "she was an 'Executive Rental Secretary' at a large apartment complex in/around Washington D.C., that she was well versed in rental laws and procedure, and/or that she was otherwise qualified to perform all necessary, contracted-for services," which representations the Defendants had relied on when they allowed the Plaintiff "to perform limited, contracted-for services in satisfaction of her monthly rental obligation." *Id.* ¶¶ 23-24.

in July 2014.   ECF No. 5 ¶¶ 6, 9, 10.   She had several assigned job duties; however, the Defendants did not pay her wages or a salary for performing her assigned duties.   *Id*. ¶¶ 12-13, 16-17. The Defendants allege that they had not provided detailed instructions about the services she performed, controlled how she performed those services, or restricted her from working elsewhere.   *Id*. ¶ 22.   According to the Defendants, the Plaintiff had been an "independent contractor paid on a flat-fee basis of $950/month and/or a tenant/debtor satisfying her $950/month rental obligations by performing limited, contracted-for services."   *Id*. ¶ 20.

On September 19, 2014, the Plaintiff sued the Defendants for violations of the FLSA and state law claims.   ECF No. 1.   On November 13, 2014, she filed an amended complaint.   ECF No. 5.

On December 23, 2014, the Plaintiff moved to dismiss the counterclaims and to strike immaterial, impertinent, or scandalous matters therein.   ECF No. 11.   On January 16, 2015, the Defendants opposed the motion.   ECF No. 14.[6]

On January 23, 2015, the Defendants moved to amend their counterclaims.   ECF No. 16.   On February 4, 2015, the Defendants moved for leave to file a surreply.   ECF No. 18.   On January 9, 2015, the Plaintiff opposed the Defendants' motion for leave to

---

[6] On February 2, 2014, the Plaintiff replied.   ECF No. 17.

amend.  ECF No. 19.[7]  On February 20, 2015, the Plaintiff opposed
the Defendants' motion for leave to file a surreply.  ECF No.
20.[8]

II.  Analysis

    A.  Motion to Dismiss and to Strike

    As discussed *infra*,[9] the Defendants will be granted leave to
amend.  "It is well settled that an amended pleading supersedes
the original pleading, and that motions directed at superseded
pleadings are to be denied as moot."  *Blount v. Carlson Hotels*,
3:11CV452-MOC-DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec.6, 2011)
(*citing Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th
Cir. 2001) ("The general rule ... is that an amended pleading
supersedes the original pleading, rendering the original
pleading of no effect.")); *see also Turner v. Kight*, 192 F.
Supp. 2d 391, 397 (D. Md. 2002) *aff'd,* 121 F. App'x 9 (4th Cir.
2005)(denying as moot motion to dismiss original complaint and
resolving motion to dismiss amended complaint).  Accordingly,

---

[7] On February 25, 2015, the Defendants replied to the Plaintiff's
opposition to their motion for leave to amend.  ECF No. 21.

[8] On March 9, 2015, the Defendants replied to the Plaintiff's
opposition to their motion for leave to file a surreply.  ECF
No. 22.

[9] Section II.B.

the Court will deny as moot the Plaintiff's motion to dismiss the counterclaims and to strike.[10]

    B.   Motion for Leave to Amend

        1.   Legal Standard

A pleading must state any counterclaim the pleader has against the opposing party when the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). However, "[t]he pleader need not state the claim if . . . when the action was commenced, the claim was the subject of another pending action." Fed. R. Civ. P. 13(a)(2)(A). The Defendants seek

---

[10] In opposing the Defendants' motion to amend their counterclaim, the Plaintiff argues that the amended counterclaim would be futile because "the additional count [the Defendants] seek to add cannot withstand a motion to dismiss." ECF No. 19 at 1. The Plaintiff appears to argue that the Defendants' counterclaim for unjust enrichment must be dismissed for failure to state a claim because it is barred by federal law. *See id.* at 2-3. However, the Plaintiff has not incorporated her arguments for dismissal (for failure to state a claim or lack of subject matter jurisdiction) of the Defendants' counterclaims for negligence or breach of contract. *See id.* at 3 ¶ 7 (merely incorporating her argument that an employer who has not substantiated the cost of housing waives the ability to collect an offset against potential wages). Nonetheless, in deciding whether the Defendants should be granted leave to amend, the Court will first assess whether it has subject matter jurisdiction over all counterclaims. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised . . . *sua sponte* by the court."); *McFarland v. Virginia Ret. Servs. of Chesterfield, L.L.C.*, 477 F. Supp. 2d 727, 732 (E.D. Va. 2007) (*sua sponte* satisfying itself that it had subject matter jurisdiction over a pendent state law claim before deciding whether it should be dismissed for failure to state a claim).

leave to add a counterclaim for unjust enrichment; they do not assert that when they filed their answer and original counterclaims the unjust enrichment claim had been the subject of another action. ECF No. 16-1 at 1-2. Accordingly, when Rule 13(a)(2)(A) is unavailing, whether to grant leave to amend a pleading to add an omitted counterclaim is governed by Federal Rule of Civil Procedure 15(a)(2). *See Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439 (4th Cir. 2011).[11] Rule 15(a)(2) instructs that leave to amend should be freely given when justice requires. Leave should be denied only when amendment would unduly prejudice the opposing party, amount to futility, or reward the movant's bad faith. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008); *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010). An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

---

[11] In 2009, former Rule 13(f)--which governed the addition of omitted counterclaims--was deleted in favor of Rule 15. *See* Fed. R. Civ. P. 13 advisory committee's note: 2009 Amendments; *see also Virginia Innovation Sciences, Inc. v. Samsung Electronics Co.*, 11 F. Supp. 3d 622, 629 (E.D. Va. 2014)("The 2009 Amendments to the Federal Rules of Civil Procedure made changes to Rule 15(a) and abrogated Rule 13(f).").

2.    The Court's Subject Matter Jurisdiction

As noted above,[12] before addressing the merits of the Defendants' motion, the Court will decide whether it has subject matter jurisdiction over the counterclaims.  The Defendants' counterclaims raise issues of state law between non-diverse parties;[13] thus, this Court lacks independent federal question or diversity jurisdiction over them.[14]  However, 28 U.S.C. § 1367(a) grants this Court "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   "Compulsory counterclaims under Fed. R. Civ. P. 13(a) always satisfy § 1367(a)'s 'same case or controversy' standard because they must satisfy the more stringent requirement that the counterclaim arise out of the same 'transaction or occurrence' as the jurisdiction-invoking claim." *Branhaven, LLC v. BeefTek, Inc.*, 965 F. Supp. 2d 650, 662 (D.

---

[12] *See supra* note 10.

[13] *See* ECF No. 16-3 ¶¶ 1-3.

[14] Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Md. 2013)(*quoting Smith v. James C. Hormel Sch. of Va. Inst. of Autism*, 3:08-CV-00030, 2010 WL 1257656, at *19 (W.D. Va. Mar. 26, 2010)); *see also Vaughan v. Recall Total Info. Mgmt., Inc.*, 217 F. App'x 211, 223 n.18 (4th Cir. 2007)(per curiam) (unpublished) ("A compulsory counterclaim does not require an independent basis for federal subject matter jurisdiction because the counterclaim arises out of the original action, as to which subject matter jurisdiction has already been established."). A permissive counterclaim must have an independent jurisdictional basis. *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988). Thus, this Court must decide whether the Defendants' counterclaims are compulsory; if they are not, the Court lacks subject matter jurisdiction.

In determining whether a counterclaim is compulsory, the Court should consider whether: (1) the issues of fact and law in the claim and counterclaim are essentially the same; (2) res judicata would bar a subsequent suit on the counterclaim absent the compulsory counterclaim rule; (3) the same evidence would support or refute the claim and the counterclaim; and (4) there is a logical relationship between the claim and the counter-claim. *Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 219 (4th Cir. 2006). "However, [a] court need not answer all these questions in the affirmative for the counterclaim to be compulsory." *Id.* (internal quotation marks omitted). The four

10

considerations "work less [like] a litmus test and more [like] a guideline." *Id.* (internal quotation marks omitted).

     a. Common Issues of Fact and Law

  The issues of law raised in the claims and counterclaims are not the same. The Plaintiff alleges violations of federal state labor laws and wrongful discharge. ECF No. 5 at 6-15. To succeed, she must prove that an employee-employer relationship existed, which requires an examination of the "economic realities" between the parties. *See Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006).[15] She must also prove that she had been "discharge[d] for exercising a specific legal right or duty . . . in violation of a clear mandate of public policy which otherwise would not be vindicated by a civil remedy." *Goode v. Am. Veterans, Inc.*, 874 F. Supp. 2d 430, 442

---

[15] This requires courts to consider a person's (1) authority to hire and fire employees, (2) authority to supervise and control work schedules or employment conditions, (3) authority to determine the rate and method of payment, and (4) the maintenance of employment records. *Bonnette v. Cal. Health & Welfare Agency,* 704 F.2d 1465, 1470 (9th Cir. 1983). Courts will also examine "the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Gionfriddo,* 769 F. Supp. 2d at 890 (citing *Baystate Alternative Staffing v. Herman,* 163 F.3d 668, 675 (1st Cir.1998)). No single factor is determinative, and the determination that an employment relationship exists "does not depend on . . . isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, (1947); *see also Speert v. Proficio Mortg. Ventures, LLC*, No. JKB-10-718, 2011 WL 2417133, at *3 (D. Md. June 11, 2011) (court should consider the totality of the circumstances).

(D. Md. 2012) (internal quotation marks and citations omitted). Additional factual issues would involve how many hours she worked, whether--and how much--she had been paid for that work, and the circumstances surrounding her termination.

In contrast, the Defendants allege common law negligence, breach of contract, and unjust enrichment. ECF No. 16-3 at 4-5. To prove negligence, they must establish an applicable duty of care, the Plaintiff's breach of that duty, damages, and causation. *See, e.g., Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 916 A.2d 257, 270-71 (Md. 2007). The Defendants' negligence claim focuses on a single statement by Plaintiff in "performance of her limited, *contracted-for* services." ECF No. 16-3 ¶¶ 29-30 (emphasis added). Although the Plaintiff's alleged status as an employee may impose a heightened duty of care particular to that profession,[16] the Defendants have not alleged that the Plaintiff was a negligent *employee*; instead, they allege that she was an independent contractor or tenant/debtor who negligently performed her contractual duties. ECF No. 16-3 ¶¶ 20. Even if resolving the negligence claim depended upon whether there was an employer-employee relationship, federal courts are "reluctant

---

[16] *See Planmatics, Inc. v. Showers*, 137 F. Supp. 2d 616, 627 (D. Md. 2001) *aff'd*, 30 F. App'x 117 (4th Cir. 2002)("As to the duty of care, an employee is bound to the exercise of due and ordinary skill in the employment of his art or business about it, or, in other words, to perform in a workmanlike manner.")(internal quotation marks omitted).

to exercise supplemental jurisdiction over state law . . .
counterclaims in the context of a FLSA suit where the only
connection is the employee-employer relationship." *Williams v.
Long*, 558 F. Supp. 2d 601, 604 (D. Md. 2008) (collecting cases;
declining supplemental jurisdiction over counterclaims alleging
breach of contract and fiduciary duty, and invasion of
privacy).[17]  Absent a "a more specific factual connection between
[the Defendants' negligence] counterclaim[] and [the Plaintiff's
claims]," this factor disfavors subject matter jurisdiction over
the negligence counterclaim.  *See Wilhelm v. TLC Lawn Care,
Inc.*, No. 07-2465, 2008 WL 640733, at *3 (D. Kan. March 6,
2008); *see also Saman v. LBDP, Inc.*, No. CIV.A. DKC 12-1083,
2012 WL 5463031, at *4 (D. Md. Nov. 7, 2012)(when claims and
counterclaim "do not share a common nucleus of operative fact[,]
. . . the [C]ourt lacks subject matter jurisdiction")(internal
quotation marks and citation omitted).

However, the Court reaches the opposite conclusion with
respect to the breach of contract and unjust enrichment claims:
although legally distinct, they involve highly related factual
issues.  "[A] complaint for breach of contract must allege facts
showing a contractual obligation owed by the defendant to the

---

[17] *See also Ramirez v. Amazing Home Contractors, Inc.*, No. CIV.
JKB-14-2168, 2014 WL 6845555, at *1 (D. Md. Nov. 25, 2014)
(dismissing fraud counterclaim brought in response to
allegations of federal and state labor law violations).

plaintiff and a breach of that obligation." *See Swedish Civil Aviation Admin. v. Project Mgmt. Enter., Inc.*, 190 F. Supp.2 d 785, 791 (D. Md. 2002) (*citing Cont'l Masonry Co., Inc. v. Verdel Constr. Co., Inc.*, 279 Md. 476, 480 (Md. 1977)). Unjust enrichment requires (1) a benefit conferred upon the defendant by the plaintiff, (2) a defendant's appreciation or knowledge of the benefit, and (3) the defendant's acceptance or retention of the benefit under circumstances that would make it inequitable for the defendant to retain the benefit without the payment of its value. *Hill v. Cross Country Settlements, LLC*, 402 Md. 281 (2007).

The Defendants allege that, "to the extent that it is found that the limited, contracted-for services performed by [the Plaintiff] were anything other than in full satisfaction of her rental obligations as a tenant/debtor," they are entitled to rent owed under the lease for the past three years.  ECF No. 16-3 ¶¶ 33-34.  They further allege that the Plaintiff received the benefit of living rent free and it would be "inequitable for [her] to retain the benefit without payment of its value." *Id.* ¶ 38.  The breach of contract and unjust enrichment counterclaims "[are] not related to [the] Plaintiff's claims on the basis of the employer-employee relationship alone; rather, [the Defendants'] ability to recover on its claim[s] appears to the Court to be partially dependent on [the] Plaintiff

prevailing on her claim that she is entitled to wages." *See Taylor v. PP&G, Inc.*, No. CIV.A. WMN-13-3706, 2014 WL 1340210, at *4 (D. Md. Apr. 2, 2014) (exercising supplemental jurisdiction over unjust enrichment and breach of contract counterclaims).  The gravamen of the Defendants' counterclaims is that *if* they are required to pay the Plaintiff compensation for her services, then she is required to pay rent under the terms of the lease or disgorge the benefit she would receive if permitted to live rent free *and* receive compensation.  The factual issues--including whether and how much the Plaintiff should be paid--are sufficiently related to favor subject matter jurisdiction over the breach of contract and unjust enrichment counterclaims.  *See id*.

   b. Res Judicata

In Maryland, the doctrine of res judicata, bars the relitigation of a claim when "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the subsequent action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation. *Williams*, 558 F. Supp. 2d at 605 (*citing R & D 2001 LLC v. Rice*, 402 Md. 648, 938 A.2d 839, 848 (2008)) (internal quotation marks omitted).

Here, the first and third requirements would presumably be met; thus, the issue is whether the counterclaims are sufficiently similar to the Plaintiff's claims for the purpose of res judicata.  To determine what constitutes a "claim," Maryland applies the "transactional approach":

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Gonsalves v. Bingel*, 194 Md. App. 695, 710, 5 A.3d 768, 777 (2010) (*quoting* Restatement (Second) of Judgments § 24 (1982)). Under the "transactional approach," a plaintiff (or counter-plaintiff) must "bring in a single action all claims based upon the same set of facts[,] and [that] one would [ordinarily] expect . . . to be tried together."  *Id.* at 710, 5 A.3d at 778. (internal quotation marks omitted).  The doctrine of res judicata is intended to "avoid[] the expense and vexation attending multiple lawsuits, conserve[] the judicial resources, and foster[] reliance on judicial action by minimizing the

16

possibilities of inconsistent decisions." *Id.* at 709, 5 A.3d at 777.

As discussed above, the Defendants' negligence counterclaim is factually distinct from the Plaintiff's state and federal labor claims; however, it arises from her performance of the duties for which she now seeks payment and, thus, arguably is "related in time, space[, and] origin" to her claims. *See Gonsalves*, 194 Md. App. at 710-11, 5 A.3d at 777-78 ("The transaction is the basis of the litigative unit or entity which may not be split.")(*quoting* Restatement (Second) of Judgments § 24, cmt. a).[18]   Additionally, the Plaintiff's claims and the Defendants' breach of contract and unjust enrichment counterclaims arise from and depend upon the parties' legal and business relationship: whether the Plaintiff is owed compensation for her services, and, if so, whether receipt of that compensation places her in breach of the lease or she would be unjustly enriched.   When "claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them

---

[18] *See also Cromwell v. County of Sac*, 94 U.S. 351, 358, 24 L.Ed. 195 (1876) (res judicata applies "not only to the points upon which the court was required . . . to form an opinion, . . . but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time"), *quoted in Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 107, 887 A.2d 1029, 1037 (2005).

simultaneously." *Walters v. Transwestern Carey Winston, LLC*, No. CIV. WDQ-11-3074, 2012 WL 1553108, at *5 (D. Md. Apr. 30, 2012)(*quoting Norville*, 390 Md. at 108, 887 A.2d at 1038). This factor favors subject matter jurisdiction over all three counterclaims.

        c.   Evidence

Evidence need not be identical for the Court to exercise subject matter jurisdiction. *See Harrison v. Grass*, 304 F. Supp. 2d 710, 713 (D. Md. 2004) (a counterclaim may be compulsory "even though the evidence needed to prove the opposing claims may be quite different") (citation omitted). Here, however, the Plaintiff's claims and the Defendants' counterclaims will likely require overlapping evidence about the Plaintiff's role in managing the apartment complex. For example, the lease and lease addendum purporting to establish the Plaintiff's status as an independent contractor or tenant/debtor will likely support the counterclaims--including establishing the duty she allegedly owed in the performance of her duties--and may refute the Plaintiff's claim that she had been an employee. *See Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 86 F.R.D. 694, 698 (E.D.N.C. 1980) (reliance on substantially similar evidence to support counterclaim and refute claim favors finding of subject matter jurisdiction); *Taylor*, 2014 WL 1340210, at *5 (although the evidence may be "somewhat different

18

. . ., the agreement signed and the behavior of the parties is relevant regarding the liability aspects of each parties' claims"). This factor favors subject matter jurisdiction.

> d.    Logical Relationship

The logical relationship between the Plaintiff's claims and the Defendants' negligence counterclaim--consisting of the nature of the parties' legal relationship--is weak. *See Ramirez*, 2014 WL 6845555, at *4 (employer-employee relationship is insufficient logical connection to support compulsory nature of counterclaim). In contrast, the logical relationship between the Plaintiff's claims and the Defendants' breach of contract and unjust enrichment is stronger because the factual issues are "intertwined." *See Taylor*, 2014 WL 1340210, at *5.

In sum, all four factors favor the exercise of subject matter jurisdiction over the Defendants' breach of contract and unjust enrichment counterclaims; two factors favor the exercise of subject matter jurisdiction over the negligence counterclaim. The Court is mindful of the public policy considerations that disfavor the resolution of counterclaims in FLSA suits. As one U.S. District of Maryland Judge has observed: "[t]o permit [the employer] in such a proceeding to try [its] private claims, real or imagined, against [its] employees would delay and even subvert the whole process." *Ramirez*, 2014 WL 6845555, at *4 (Bredar, J.)(*quoting Donovan v. Pointon*, 717 F.2d 1320, 1323

(10th Cir. 1983).  However, it is also true that "[a] court need not answer all [four factors] in the affirmative for the counterclaim to be compulsory."  *Q Int'l Courier Inc.*, 441 F.3d at 219.  Because the Defendants' negligence counterclaim may be barred by the doctrine of res judicata in subsequent litigation, the Court finds that it--and the Defendants' breach of contract and unjust enrichment counterclaims--are compulsory.  Accordingly, the Court has subject matter jurisdiction over them.

### 3.   Leave to Amend

The Defendants argue that leave to amend to add the unjust enrichment counterclaim should be granted because this Court's December 9, 2014 Scheduling Order set January 23, 2015 as the deadline to move to amend pleadings, and they filed the motion that day.  ECF No. 16-1 at 2; *see also* ECF No. 9 at 2.  However, that the parties had until January 23, 2015 to *move* to amend pleadings does not--as the Defendants contend--mean that the Court "has granted the parties 'leave' to amend."  ECF No. 16-1 at 2.  The Plaintiff contends that the proposed counterclaim would be futile because the FLSA bars employers from collecting or offsetting housing costs unless they comply with certain statutory requirements.  ECF No. 19 at 2-3.

Under the FLSA, wages may include "the reasonable cost . . . to the employer of furnishing such employee with board,

lodging, or other facilities." 29 U.S.C. § 203(3)(m).
"Reasonable cost" is "not more than the actual cost to the
employer of the board, lodging, or other facilities" and "does
not include a profit to the employer." 29 C.F.R. § 531.3(a)-
(b). Employers that deduct the cost of housing must "maintain
and preserve records substantiating the cost of furnishing each
class of facility." *Id.* § 516.27(a); *Marroquin v. Canales*, 505
F. Supp. 2d 283, 292 (D. Md. 2007); *see also* Md. Code Ann., Lab.
& Empl. § 3-503(2) ("An employer may not make a deduction from
the wage of an employee unless the deduction is . . . authorized
expressly in writing by the employee.").

The Plaintiff contends that because the Defendants are
pursuing the unjust enrichment counterclaim "to the extent that
it is determined that [she] was an 'employee' entitled to wage
payment," they must be seeking an impermissible offset under the
FLSA. *See* ECF No. 19 at 2 (*quoting* ECF No. 14 at 5). The
Plaintiff further contends that because the Defendants never
paid her wages, "they could not have obtained her written
permission to withhold wages [in lieu of lodging]" and cannot
produce documents "showing their actual costs deducted from
[her] wages" on a weekly basis. ECF No. 11 at 10; ECF No. 19 at
3 (incorporating relevant arguments from motion to dismiss).

Here, however, the Defendants have not alleged that they
are entitled to--nor are they seeking to--offset the reasonable

cost of the Plaintiff's housing from her wages.  Rather, the
Defendants seek damages under the terms of the lease, though
their entitlement to damages and the amount of which may depend
on whether the Plaintiff was an employee entitled to
compensation.  *See* ECF No. 16-3 ¶¶ 36-38; 21 at 3.  Although the
FLSA bars an employer from deducting unreasonable and
inadequately documented housing costs, nothing in the FLSA
suggests that the Defendants are not entitled to collect rent
from someone who is both a tenant and paid employee.
Additionally, the evidentiary issues raised by the Plaintiff are
premature.  *See Presley v. City of Charlottesville*, 464 F.3d
480, 483 (4th Cir. 2006)(the Court should not make factual
determinations when testing a claim's legal sufficiency).
Accordingly, the amendment would not be futile; the Defendants'
motion for leave to amend will be granted.

  C. Motion for Leave to File Surreply

   1. Legal Standard

  Unless otherwise ordered by the Court, a party generally
may not file a surreply.  Local Rule 105.2(a) (D. Md. 2014).
Leave to file a surreply may be granted when the movant
otherwise would be unable to contest matters presented for the
first time in the opposing party's reply.  *Khoury v. Meserve*,
268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd,* 85 F. App'x 960
(4th Cir. 2004).

2.    The Defendants' Motion

The Defendants seek leave to file a surreply in response to "false and/or unsubstantiated statements and misleading citation to case law" in the Plaintiff's reply filed in connection with her motion to dismiss and to strike.  ECF No. 18-1 at 1. Surreplies addressing "misstatements of facts and law" are disfavored.  *See Thomas v. Artino*, 723 F. Supp. 2d 822, 833 (D. Md. 2010).  Further, as discussed above,[19] the Plaintiff's motion to dismiss and to strike will be denied as moot, rendering moot the parties' arguments presented in the opposition and reply. The Defendants' motion will be denied.

III. Conclusion

For the reasons stated above, the Plaintiff's motion to dismiss the counterclaims and to strike will be denied as moot, the Defendants' motion for leave to amend will be granted, and the Defendants' motion for leave to file a surreply will be denied.

_8/13/15_____                    _____
Date                                William D. Quarles, Jr.
                                    United States District Judge

---

[19] *See supra* Section II.A.